**STATEWIDE REMODELING, INC., Appellant**

v.

**John and Eddie Lee WILLIAMS, Appellee.**

No. 05–07–00215–CV.

Court of Appeals of Texas, Dallas.

Jan. 3, 2008.

Michael Kelsheimer, Looper, Reed & McGraw, P.C., Dallas, for Appellant.

Larry S. Parnass, Law Offices of Larry S. Parnass, Dallas, Frank Shor, Law Offices of Frank Shor, Carrollton, for Appellee.

Before Justices O'NEILL, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

Statewide Remodeling, Inc. appeals from the trial court's judgment confirming an arbitration award and awarding damages to the Williamses. In two issues, Statewide asserts that the trial court erred when it: (1) required a transcript of the underlying arbitration proceeding and (2) concluded the arbitrator had not committed a gross mistake in making the final arbitration award. The Williamses respond that the trial court did not err in rendering the judgment because Statewide: (1) had the burden to bring forth a complete record of the arbitration proceedings and (2) failed to show a gross mistake was committed. The Williamses also ask the Court to assess sanctions against Statewide for pursuing a frivolous appeal.

We decide against Statewide on both issues, but decline to impose sanctions against Statewide for filing this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The contract between Statewide and the Williamses for the construction of a con-

servatory sunroom onto their residence contained an arbitration clause. Dissatisfied with the work performed by Statewide, the Williamses filed a lawsuit against Statewide for damages. In their original petition, the Williamses requested the trial court enter an "agreed order" appointing an arbitrator and abating the suit. After Statewide filed a general denial answer, arbitration proceeded according to agreements made by the parties and was conducted primarily by written submission.

The parties submitted "position statements" to the arbitrator which included affidavits of witnesses and other exhibits in support of their arguments. The arbitrator then conducted a hearing so the parties could offer testimony of witnesses. No transcript of the arbitration hearing was made. The arbitrator's award was in favor of the Williamses for $33,500. The award consisted of $18,000 to "repair the room interior and take necessary steps to alter or replace the roof" and $15,500 in attorney's fees and arbitration costs.

The Williamses returned to the trial court and filed a motion to confirm the arbitration award. Statewide filed a motion to vacate the arbitration award. Specifically, Statewide argued the arbitrator's award, which was for the cost to repair damages to the room's interior and to alter or replace the roof, was unsupported by the evidence. Further, Statewide argued the Williamses had not asked for the cost of repair as a measure of damages. Rather, Statewide contends the Williamses requested only rescission and refund of the contract price of $52,656. Accordingly, Statewide asserted the arbitrator committed a gross mistake because the award was issued in bad faith and without the exercise of honest judgment. Statewide attached to its motion to vacate: (1) both parties' "position statements" with attached affidavits and supporting exhibits

which were submitted to the arbitrator; (2) a sworn affidavit of Statewide's attorney stating he had been present during the arbitration hearing and the Williamses did not present any evidence of the cost of repair; and (3) numerous additional documents, including letters and the text of a voice mail message between counsel.

The trial court heard argument from the parties on the motion. The only exhibit admitted into evidence at the hearing was the arbitrator's award. At the Williamses' request, the trial court took judicial notice of Statewide's written "money back" guarantee and the contract between Statewide and the Williamses, both of which contain arbitration clauses. Statewide represented to the trial court that no transcript had been made of the arbitration hearing because "the amount in controversy simply didn't warrant it."

Over the Williamses' objections, the trial court allowed Statewide to call the Williamses' attorney to the witness stand. The Williamses' attorney testified that, at the arbitration hearing, he did not offer any exhibit showing the cost of repairs to the Williamses' home. The trial court denied Statewide's motion to vacate and granted the Williamses' motion to confirm the arbitration award. Statewide appealed.

### II. STANDARD OF REVIEW

 Arbitration is a proceeding that has long been favored by Texas law. *See Brazoria v. Knutson*, 142 Tex. 172, 176 S.W.2d 740 (1944); *Home Owners Mgmt. Enters., Inc. v. Dean*, 230 S.W.3d 766, 768 (Tex.App.-Dallas 2007, no pet. h.). A review of a trial court's decision to confirm an arbitration award is de novo and the appellate court reviews the entire record. *Home Owners*, 230 S.W.3d at 768 (citing *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250

(Tex.App.-Houston [14th Dist.] 2003, pet. denied)). However, "[a]ll reasonable presumptions are indulged in favor of the award, and none against it." *CVN Group v. Delgado,* 95 S.W.3d 234, 238 (Tex.2002). An arbitration award has the same effect as a judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for that of the arbitrators merely because it would have reached a different decision. *Id.; Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.-Dallas 1987, writ ref'd n.r.e). Arbitration awards are entitled to great deference by the courts "lest disappointed litigants seek to overturn every unfavorable arbitration award in court." *Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 429 (Tex.App.-Dallas 2004, pet. denied) (quoting *Daniewicz v. Thermo Instrument Sys., Inc.,* 992 S.W.2d 713, 716 (Tex.App.-Austin 1999, pet. denied)).

Judicial review of arbitration awards "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *Id.* Therefore, review of an arbitration award is "extraordinarily narrow." *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.,* 126 S.W.3d 257, 263 (Tex. App.-San Antonio 2003, pet. denied). Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law. *Crossmark,* 124 S.W.3d at 429 (citing *Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 266 (Tex. App.-Houston [14th Dist.] 1995, no writ)).

Texas common law provides that a binding arbitration award may be set aside if it is tainted with "fraud, misconduct, or such gross mistake as would imply bad faith, or a failure to exercise honest judgment." *Brown v. Eubank,* 443 S.W.2d 386, 391 (Tex.Civ.App.-Dallas 1969, no writ); *Nat'l Auto. & Cas. Ins. Co. v. Holland,* 483 S.W.2d 28, 31 (Tex.Civ.App.-

Dallas 1972, no writ). A "gross mistake" sufficient to justify setting aside an arbitration award is a mistake that implies bad faith or a failure to exercise honest judgment and results in a decision that is arbitrary and capricious. *Bailey & Williams,* 727 S.W.2d at 90. "A honest judgment made after due consideration given to conflicting claims, however erroneous, is not arbitrary and capricious." *Id.* Only those errors "which result in a fraud or some great and manifest wrong and injustice warrant the setting aside of an arbitration award." *Id.*

When a non-prevailing party seeks to vacate an arbitration award, it bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award. *Anzilotti,* 899 S.W.2d at 266; *GJR Mgmt. Holdings, L.P.,* 126 S.W.3d at 263–64 (citing *Kline v. O'Quinn,* 874 S.W.2d 776, 790 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (op. on reh'g)). When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award. *Jamison & Harris v. Nat'l Loan Investors,* 939 S.W.2d 735, 737 (Tex.App.-Houston [14th Dist.] 1997, writ denied); *House Grain v. Obst,* 659 S.W.2d 903, 906 (Tex. App.-Corpus Christi 1983, writ ref'd n.r.e.) (holding the appellate court must presume adequate evidence to support the award when appellant sought to vacate the award based on "gross mistake" with no transcript of the arbitration proceedings). Many Texas courts have held that without a complete record of the evidence presented to the arbitrator at the arbitration proceedings, there can be no appellate review of the arbitrator's decision. *Gumble v. Grand Homes 2000, L.P.,* —— S.W.3d ——, 2007 WL 1866883 (Tex.App.-Dallas 2007, no pet. h.); *Grand Homes 96, L.P. v. Loudermilk,* 208 S.W.3d 696, 706 (Tex.

App.-Fort Worth 2006, pet. filed) ("[T]he lack of a record of the arbitration proceedings prevents review of these issues."); *GJR Mgmt. Holdings, L.P.*, 126 S.W.3d at 263–64 ("Because we have no record [of the arbitration proceedings], we have no way of judging whether bad faith or failure to exercise honest judgment in fact occurred."); *Jamison & Harris*, 939 S.W.2d at 737 ("Without a record of the arbitration proceedings, we are unable to determine ... what evidence was offered before the arbitrator.").

## III. APPLICATION OF LAW TO FACTS

### A. Transcript

 In its first issue, Statewide argues the trial court erred in requiring it to provide a transcript of the arbitration hearing. As the non-prevailing party seeking to vacate the arbitration award, Statewide had the burden of bringing forth a complete record to the trial court. *See Anzilotti*, 899 S.W.2d at 266. Statewide provided the trial court with the parties' "position statements" which included affidavits of witnesses and other exhibits in support of the parties' arguments. Statewide also provided the trial court an affidavit of its attorney and the testimony of the Williamses' attorney on what had occurred at the arbitration hearing. However, no transcript of the arbitration hearing was provided to the trial court. Neither the attorneys' recollection of what testimony was or was not before the arbitrator nor the attachments to the motion to vacate provide a complete record of the arbitration proceedings. *See Gumble*, —— S.W.3d at ——, 2007 WL 1866883 at *3; *GJR Mgmt. Holdings, L.P.*, 126 S.W.3d at 263–

64; *Jamison & Harris*, 939 S.W.2d at 737. We cannot conclude the trial court erred in holding Statewide to the burden of bringing forth a complete record of the arbitration proceedings, including a transcript of the arbitration hearing.

Statewide's first issue is decided against it.

### B. Gross Mistake

In its second issue, Statewide contends the trial court erred when it failed to find the arbitrator had committed a gross mistake sufficient to justify setting aside the arbitration award. Statewide argues the Williamses sought only the return of the full contract price of $52,656 upon rescission of the contract and the Williamses offered no evidence of the cost to make any repairs.[1] Therefore, Statewide contends, the arbitrator made a gross mistake by making an award that was "inconsistent with anything demanded or proven" and the arbitrator "picked a number out of the sky." However, in order to prove its position, Statewide attempted to re-create a record of the arbitration hearing rather than provide a transcript.

 In the absence of a transcript of the arbitration hearing provided for the trial court's review, we cannot determine the basis of the arbitrator's award. *See Jamison & Harris*, 939 S.W.2d at 737. Statewide has not presented a complete record to the trial court. *See GJR Mgmt. Holdings, L.P.*, 126 S.W.3d at 263–64. The appellate court must indulge every reasonable presumption in favor of upholding the arbitration award. *See CVN Group*, 95 S.W.3d at 238. Without a complete record, we must presume that the

---

1. We note, as did the trial court at the hearing on the motion to vacate, that Statewide presented to the arbitrator the affidavit of its employee, Jerry Melton, in which he stated, "The reasonable cost to replace the Williams' existing Conservatory roof with a standard sunroom roof would be $6,048.00."

arbitrator's award was supported by evidence. *See Jamison & Harris,* 939 S.W.2d at 737; *House Grain,* 659 S.W.2d at 906. Therefore, we cannot conclude the trial court erred in declining to vacate the arbitration award based on Statewide's contention of gross mistake.

Statewide's second issue is decided against it.

### IV. SANCTIONS

■ The Williamses urge this Court to award sanctions against Statewide for filing a frivolous appeal. Tex.R.App. P. 45. The Williamses argue that the absence of a complete record, together with the case law existing at the time of the arbitration, indicates Statewide had no reasonable grounds to believe judgment would be reversed. *See Tate v. E.I. Du Pont de Nemours & Co.,* 954 S.W.2d 872, 875 (Tex.App.-Houston [14th Dist.] 1997, no pet.). We cannot say Statewide's attempt to create a complete record of the arbitration hearing with the testimony of the Williamses' attorney before the trial court did not provide a reasonable basis for the appeal. While Statewide was not successful in its appeal, upon reviewing the record and briefs on file, we conclude the appeal was not frivolous and decline to impose sanctions.

### V. CONCLUSION

The trial court's judgment confirming the arbitration award and awarding damages to the Williamses is affirmed.