Opinion filed July 2, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 2, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00336-CV 

                                           __________

 

               AVRA OIL COMPANY AND SAEED AFGHAHI, Appellants

 

                                                             V.

 

                              EUROLINK
PETROLEUM, L.L.C. AND 

                           HI-MOUNTAIN
ENERGY CORP., Appellees

 



 

                                         On
Appeal from the 118th District Court

 

                                                          Martin
County, Texas

 

                                                     Trial
Court Cause No. 5578

 



 

                                              M
E M O R A N D U M   O P I N I O N








Eurolink
Petroleum, L.L.C. and Hi-Mountain Energy Corp. brought suit against Avra Oil
Company and Saeed Afghahi alleging several causes of action concerning oil and
gas leases in which the parties were working interest owners.  The parties
agreed to submit their disputes to arbitration.  The arbitrator found that from
May 1, 1998, through September 30, 2001, Avra was the operator of both the
Elizabeth Estes and Woodward C leases pursuant to an oral agreement.  The
arbitrator further found that beginning October 1, 2001, Avra had no authority to
operate the leases and that from that date there was no operating agreement in
effect.  The arbitrator rendered a Corrected Arbitration Award on September 23,
2004, along with a Corrected Statement of Reasons.  The arbitrator ordered the
parties to account to each other in accordance with the Corrected Statement of
Reasons.  The trial court entered an order on May 12, 2006, in which the trial
court sent the parties back to arbitration to finalize accounting and
calculation of monies owed as of April 30, 2004.  Pursuant to the trial court=s order, the arbitrator
issued another arbitration award dated February 12, 2007.  Both parties filed a
Motion to Confirm the arbitration awards.  The trial court held a hearing on
the motions.  The trial court entered judgment on August 13, 2007, in which it
confirmed the arbitration award.  The trial court ordered appellants to
transfer all operations and well and lease filings with respect to the Estes
and Woodward leases to appellees within thirty days from the date of judgment. 
We reverse and remand. 

In
the first issue on appeal, appellants argue that the trial court erred in
ordering a transfer of operations to appellees when the arbitrator refused to
grant such relief.  A review of a trial court=s
decision to confirm an arbitration award is de novo, and the appellate court
reviews the entire record.  Statewide Remodeling, Inc. v. Williams, 244
S.W.3d 564, 567 (Tex. App.CDallas
2008, no pet.).  All reasonable presumptions are indulged in favor of the
award, and none against it.  Id. at 568.   An arbitration award has the
same effect as a judgment of a court of last resort, and a court reviewing the
award may not substitute its judgment for that of the arbitrator merely because
it would have reached a different decision.  Id.; Bailey &
Williams v. Westfall, 727 S.W.2d 86, 90 (Tex. App.CDallas 1987, writ ref=d n.r.e).  Review of an arbitration award is
extraordinarily narrow.  Statewide Remodeling, 244 S.W.3d at 568; GJR
Mgmt. Holdings, L.P. v. Jack Raus, Ltd., 126 S.W.3d 257, 263 (Tex. App.CSan Antonio 2003, pet.
denied). 

Eurolink
and Hi-Mountain are non-operating working interest owners in several oil and
gas leases.  Afghahi is the sole shareholder and president of Avra.  Avra was 
the operator of the oil and gas leases.  The leases at issue in this appeal are
the Estes and Woodward leases.  

In
the Corrected Statement of Reasons, the arbitrator stated:

I.  Claims
Concerning the Estes and Woodward Leases.

 

A. 
Do Written Operating Agreements Govern the Estes and Woodward Leases?

 

No
written operating agreement, signed by Eurolink or Hi-Mountain, and covering
the Estes and Woodward Leases, is in evidence in this Arbitration.








. .
. .

 

B. 
Was There an Oral Agreement for Operation of the Estes and Woodward Leases?

 

Mr.
Langwieser testified that there was a period of time during which he was
agreeable to Avra operating the Estes and Woodward Leases in the absence of a
written operating agreement.  There is no other evidence in the record of the
specific terms of that agreement. . . .  Accordingly, I find that Avra was the
agreed Operator of the Estes and Woodward Leases during the period of the oral
agreement.

 

. .
. .

 

C. 
Has Avra Been Removed as Operator?

 

There
is no evidence in the record of any oral agreement governing operations of the
Estes and Woodward Leases, other than Mr. Langwieser=s testimony discussed above.  However, by
letter dated August 29, 2001, Eurolink and Hi-Mountain notified Avra that they
no longer wished for Avra to operate the Estes and Woodward Leases. 
Accordingly, I find that the oral agreement pursuant to which Avra had
previously operated those leases was no longer enforceable by either Party once
the August 29 letter became effective.  Therefore, Avra has failed to
demonstrate any contractual authority to operate the Estes and Woodward Leases
from and after October 1, 2001.

 

The arbitrator included a footnote stating, AI take judicial notice of a customary
thirty-day period for orderly transfer of operations.@ 

The trial court, in its judgment, quoted from the above
paragraph in the Corrected Statement of Reasons regarding the issue of whether
Avra has been removed as operator.  In its judgment, the trial court then
stated:

IT
IS ORDERED that the arbitrator=s
finding with respect to the orderly transfer of operations together with the
transfer of all operations and well and lease files with respect to the Estes
and Woodward Leases by [Appellants] to [Appellees] is confirmed and such
transfer shall occur within thirty days from the date of this judgment.

 

Appellants argue that the trial court, in its judgment, grants more
relief than the arbitrator awarded and that it therefore changed the
arbitration award on an issue when the arbitrator had denied relief on that
issue.








Although
the arbitrator provided that Avra was no longer the operator of the Estes and
Woodward leases, there is no clear statement transferring operations and well
and lease files to Eurolink or  Hi-Mountain or to any other entity or person.  
The arbitrator stated that Avra has no authority to operate the Estes and
Woodward leases after October 1, 2001.  In its Corrected Statement of Reasons,
the arbitrator then provided the following law on cotenancy:

D. 
Application of Cotenancy Rules to Operation of the Estes and Woodward Leases
from and after October 1, 2001.

 

1. 
Texas Law.

 

In
the absence of an operating agreement, common lessees stand in the relation of
cotenants, with each having the right to explore, drill, produce and market oil
and gas from the mineral estate without the consent of the other cotenants.

 

The arbitrator
also explained his view of the accounting procedures for cotenants.

In
its May 12 order, the trial court ordered that the parties return to
arbitration so that the arbitrator could  settle accounting and payment
matters.  Before returning to arbitration, Eurolink and Hi-Mountain sent a
letter to the arbitrator in which they detailed the trial court=s May 12 order.  Appellees
provided the arbitrator with proposed calculations in the areas requested by
the trial court.  Appellees also requested that the arbitrator issue a Adirective to transfer
operations from Avra to Hi-Mountain.@ 
In the arbitrator=s
February 2007 award, the arbitrator did not order the transfer of operations;
the arbitrator merely noted the customary period for transfer of operations. 
There is no modification or clarification specifically transferring operations
and well and lease files for the Estes and Woodward leases to any entity or
person.  Because there is more than one other owner involved, we cannot say
that, by implication, the arbitrator directed the transfer to any entity or
person.  This is more than a mistake in the description of a person or thing;
it is a failure to name an operator at all.  See Tex. Civ. Prac. & Rem. Code Ann. ' 171.091(a)(1) (Vernon 2005); Callahan
& Assocs. v. Orangefield Indep. Sch. Dist., 92 S.W.3d 841, 844 (Tex.
2002).  








Tex. Civ. Prac. & Rem. Code Ann.
171.087 (Vernon 2005) provides that the trial court shall confirm an arbitrator=s award on the motion of a
party unless grounds are offered for vacating, modifying, or correcting an
award under Tex. Civ. Prac. & Rem.
Code Ann. '
171.088 or ' 171.091
(Vernon 2005).  These statutes limit the authority of a trial court to vacate,
modify, or correct an arbitrator=s
award.  Callahan & Assocs., 92 S.W.3d at 844.  The record does not
indicate a motion to modify or correct the arbitrator=s award was filed.  If a matter is submitted
to the arbitrator, a trial court is without authority to modify the arbitrator=s award.  Kosty v. S.
Shore Harbour Cmty. Ass=n,
226 S.W.3d 459, 465 (Tex. App.CHouston
[1st Dist.] 2006, pet. denied); Monday v. Cox, 881 S.W.2d 381, 385 (Tex.
App.CSan Antonio 1994,
writ denied).  The record shows that the arbitrator considered the issue of the
operator of the Estes and Woodward leases as indicated by the finding that Avra
no longer had contractual authority to operate the leases.  However, the trial
court modified the arbitrator=s
award by ordering  the transfer of operations of the leases and well and lease
files.  The trial court erred when it modified the arbitrator=s award.  Appellant=s first issue on appeal is
sustained.  

In
the second issue on appeal, appellants complain that the trial court erred when
it entered findings of fact and conclusions of law that ASpeculated as to the Arbitrator=s Intent, Incorrectly
Characterized the Arbitrator=s
Awards, and Incorrectly Concluded That Appellants Were the Parties Trying to
Change Those Awards.@ 
Appellants challenge those findings of fact and conclusions of law supporting
the trial court=s
order transferring operations of the Estes and Woodward leases to Eurolink and
Hi-Mountain.  Because we find that the trial court erred when it entered an
order transferring operations of the Estes and Woodward leases, we need not
address this issue on appeal.  Tex. R.
App. P. 47.1.








In
the third issue on appeal, appellants argue that the trial court erred when it
awarded relief that was inconsistent with the arbitrator=s award on fees and expenses.  The trial court
ordered that A[a]ll
costs of the Court expended or incurred in this cause are adjudged against Avra
Oil Company and Saeed Afghahi.@ 
The arbitrator=s award
provided that, pursuant to Tex. Civ.
Prac. & Rem. Code Ann. ' 171.055
(Vernon 2005), Aall
costs, fees and expenses of this Arbitration (including the Arbitrator=s fees and expenses in the
amount of $29,446.34) are to be borne one-half by Eurolink and Hi-Mountain, and
one-half by Avra and Afghahi.@ 
The February 12 arbitration award again provided that each party shall pay one-half
of all costs, fees, and expenses of the arbitration.  The February 12 award
further provided that such expenses included any additional arbitrator=s fees and expenses in
connection with Aany
Order in No. 5578:  Eurolink Petroleum, L.L.C., and Hi-Mountain Energy Corp. v.
Avra Oil Company and Saeed Afghahi; In the 118th Judicial District Court of
Martin County, Texas.@

The
arbitrator=s awards
provided that each party pay one-half of the costs, fees, and expenses related
to the arbitration.  The trial court found that the arbitration costs were not
included in the court costs awarded in the judgment.  The trial court=s judgment is not
inconsistent with the arbitration award.  However, because we find that the
trial court erred in ordering the transfer of operations to Eurolink and
Hi-Mountain, we remand this issue for the trial court to reconsider court costs
in light of our holding.  

The
judgment of the trial court is reversed, and the cause is remanded.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 2, 2009

Panel consists of:  Wright, C.J.
and McCall, J.

 

Strange, J., not participating.