NUMBER 13-10-00350-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

ROBERTO RAMOS,                                                                 Appellant,

 

v.

 

JAVIER PEREZ,
INDIVIDUALLY, 

HOOK AND LATERAL
INVESTMENTS, 

L.L.C., LIVEX AND
AGRO, L.L.C., MONTE 

BONITO, L.L.C.,
NORTHGATE REAL 

ESTATE GROUP, L.L.C.,
P&L PARTNERS, 

L.L.C., PARADISE RIO
CARWASH, G.P., 

L.L.C., SHARYLAND
INVESTORS, LTD., 

AND THE SHARY GROUP,          L.L.C.,                                              Appellees.

                                                                                                                     
  

 

On appeal from the 398th
District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Rodriguez

 

 



            This is an arbitration case.  Appellant,
Roberto Ramos, filed suit against appellees, Javier Perez, individually, Hook
and Lateral Investments, L.L.C., Livex and Agro, L.L.C., Monte Bonito, L.L.C.,
Northgate Real Estate Group, L.L.C., P&L Partners, L.L.C., Paradise Rio
Carwash, G.P., L.L.C., Sharyland Investors, Ltd., and the Shary Group, L.L.C.
(collectively Perez).  The parties agreed to arbitrate, and the arbitrator
entered a final award in favor of Ramos.  On Perez's motion, the trial court
vacated that award.  By his sole issue, Ramos generally contends that the trial
court erred in vacating the arbitrator's award because Perez failed to prove
that the arbitrator executed his powers so imperfectly that no mutual, final,
or definite award was rendered.[1] 
We reverse with instructions to submit to the arbitrator for clarification and,
once resolved, to confirm.

I.  Background

The parties filed various claims and
counterclaims against each other disputing, among other things, ownership
interests, contributions made, and actions taken in relation to Monte Bonito,
L.L.C. (the Company), a limited liability corporation formed by the parties to
develop, subdivide, and sell property.  Rather than proceed to trial, the
parties agreed to submit their claims to arbitration under the Federal
Arbitration Act (FAA).

 

The arbitrator conducted a four-day
final evidentiary hearing.  Upon its conclusion, due to the complexity of the
accounting issues, the arbitrator asked the parties to submit briefs limited to
liability issues.  Following submission of the briefs, the arbitrator issued
Amended Interim Order #1 which included the following relevant and unchallenged
liability findings:  

7.         Respondent
Perez breached his fiduciary duty to Claimant [Ramos] and [the Company] in
transferring 15 "repossessed" lots to Hook and Lateral Investments,
LLC in violation of Texas Business Organizations Code ' 101.225 . . . ;
[and]

 

8.         Claimant
[Ramos] breached his fiduciary duty to Respondent Perez and [the Company] in
failing to disclose the lien created in favor of Eva Ramos on the 12 acre tract
transferred to the project.[[2]]

 

After additional briefing, the
arbitrator issued Interim Order #2.  That order determined what accounting
priority models would be utilized to reflect the schedule of assets and
liabilities and the schedule of partner capital accounts.[3]

Finally, the parties submitted closing
briefs on the issue of damages and remedies.  In his closing brief,[4]
Perez recommended, in relevant part, the following method of zeroing out the
capital accounts and winding up the company—a method which addresses the issue
of the $50,000 lien created by Ramos in favor of his sister-in-law, Eva Ramos, on
the 12 acre tract transferred to the project (the Eva Ramos lien):

Considering
[the goal to get Perez and Ramos "split up" thus, winding down the
company by zeroing out the capital accounts of each member and distributing the
assets based upon the respective ownership interest], utilizing Interim Order
#2, Perez believes that the following distribution is the fairest and most
expedient and expeditious way to zero out the remainder of the capital accounts
and divide the company assets between its members immediately.  This
distribution would eliminate any need to continue on [sic] the company with
both owners to have to collect note payments to generate revenue as well as
resolve the issues raised by the respective breaches of fiduciary duties found
by the arbitrator.

 

.
. . . .

 

In
order to zero-out Ramos's capital account, Ramos should be paid the total cash
assets in the company, which total $91,201, thereby leaving a balance owed in
the amount of $105,629.

 

Balance
of Ramos Capital:            $196,830

Less
Cash (Bank/Court):    <$91,201>

Balance
owing to Ramos:  $105,629

 

However, before Ramos
is paid any money, the issue of the $50,000 lien created in favor of Eva Ramos,
which the Arbitrator previously found was a breach of Ramos's breach of his
[sic] fiduciary duty to the company must be addressed.  Thus, the payment of
these cash assets should be conditioned upon a release of lien executed by Eva
Ramos or the payment should be made jointly payable to both Ramos and Eva
Ramos, to assure that no further damages are incurred due to the lien on the
property and that matter is resolved.

 

After discussing his proposed method of
zeroing out the capital accounts and winding up the company in detail, Perez
summarily stated "[i]n short, the 'zeroing out' and distribution of assets
to the members of [the Company] will result in . . . [c]ash paid to Ramos"
in the amount of "$91,201 (subject to Eva Ramos release)."  Perez
concluded this portion of his brief on damages and remedies as follows:

            This
proposal would allow for the fairest and most expedient and expeditious manner
for the zeroing out of capital accounts and the dividing of the company.  A
spreadsheet of this distribution is attached as Exhibit "I". 
Additionally, this distribution addresses the respective breaches of fiduciary
duties by Perez and Ramos by (1) conditioning the payment of the case [sic] to
Ramos on obtaining a release from Eva Ramos[[5]]
and (2) returns the lots transferred to Hook & Lateral and uses those to
pay off capital and distributes the notes to the company members.  As such,
Perez urges the Arbitrator to adopt this method for zeroing out the capital
accounts and distributing the assets and thus winding down the company.

 

On February 23, 2010, the arbitrator
entered his final award in favor of Ramos, basing it, in part, on a statement
of zeroing out capital accounts and winding up of the company, attached as
Exhibit "I" to the award.  Exhibit "I" and a companion
Exhibit "IA," modified only for attorney's fees, were otherwise
identical to the spreadsheet of the distribution proposed by Perez and attached
to his closing brief as Exhibit "I."  The arbitrator's award closed
with the following language:  "This Award is in full settlement of all
claims submitted to this Arbitration.  All claims not expressly granted herein
are hereby denied."

Nonetheless, on March 29, 2010, Perez
moved in the trial court to vacate the arbitration award, in relevant part, on
the basis that the arbitrator executed his powers so imperfectly that there was
no mutual, final, and definite award.  See 9 U.S.C. '
10(a)(4).  At the hearing on the motion to vacate, Perez argued that while the
arbitrator found Ramos breached his fiduciary duty to the Company by entering
into an agreement with his sister-in-law to pay her $50,000 thereby creating a
lien on property that was eventually sold to third parties, the arbitrator made
no damage finding in his breach of fiduciary duty claim.  Perez also asserted
that the arbitrator did not resolve that issue by either satisfying the lien or
making a requirement that it be satisfied and removed so that title to the
property was clear and the Company did not have a claim filed against it. 
According to Perez, because this issue remained unresolved, the arbitrator
executed his powers so imperfectly that there was no mutual, final, and
definite award.

On June 21, 2010, the trial court
granted Perez's motion thereby vacating the arbitrator's award.  It is from the
trial court's order that Ramos appeals.

II. 
Standard of Review and Applicable Law

Because it is undisputed that the FAA controlled
the arbitration proceedings, we review de novo the questions regarding whether
to vacate the arbitrator's award.  See Kergosien v. Ocean Energy, Inc.,
390 F.3d 346, 352 (5th Cir. 2004); Tanox, Inc. v. Akin, Gump, Strauss, Hauer
& Feld, L.L.P., 105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist.]
2003, pet. denied) (op. on reh'g).  All reasonable presumptions are indulged in
favor of the award, and none against it. Statewide Remodeling, Inc. v.
Williams, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.).

It is well-settled that such an award
can be vacated only for the reasons specified in section 10(a) of the FAA.  9
U.S.C. § 10(a).  That is, section 10(a) permits a court to vacate an
arbitration award only when:  (1) the award was procured by corruption, fraud,
or undue means; (2) there was evident partiality or corruption in the arbitrator;
(3) the arbitrator was guilty of refusing to postpone the hearing, failing to
hear material evidence, or misbehaving in a way that prejudiced the rights of
any party; or (4) the arbitrator exceeded his powers or so imperfectly executed
them that a mutual, final, and definite award upon the subject matter submitted
was not made.  Id.; see Hall St. Assocs., L.L.C. v. Mattel,
Inc., 552 U.S. 576, 578 (2008) (providing that bases for vacatur in section
10 of the FAA are exclusive).

 

"The
party moving to vacate an arbitration award has the burden of proof."  Lummus
Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda., 256 F.Supp.2d 594,
604 (S.D. Tex. 2002).  When seeking to modify or vacate an arbitration award,
the non-prevailing party bears the burden to bring forth a complete record to
the trial court to establish its basis for vacating or modifying the award.  See
Statewide Remodeling, 244 S.W.3d at 568-69; see also GJR Mgmt. Holdings,
L.P. v. Jack Raus, Ltd., 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003,
pet. denied) (stating that without a record, the court has "no way of
judging" whether allegations of arbitrator's gross mistake were supported). 
"When there is no transcript of the arbitration hearing, the appellate
court will presume the evidence was adequate to support the award."  Statewide
Remodeling, 244 S.W.3d at 568.

III.  Discussion

 

By his sole issue, Ramos contends that
the trial court erred in vacating the arbitrator's award pursuant to section
10(a)(4), because all issues, specifically Perez's breach-of-fiduciary-duty
claim, were resolved by the arbitrator.  See 9 U.S.C. § 10(a)(4).  Ramos
also urges that if we agree that this breach-of-fiduciary-duty claim was
resolved but determine that the award was not final because the arbitrator did
not inform the parties of how to handle the Eva Ramos lien, then the award is
only ambiguous.  And if it is ambiguous, Ramos asserts the trial court erred in
vacating the award because the proper remedy would have been to remand the
award to the arbitrator for clarification of its intent regarding the lien.

A.  Damages

 

Ramos contends that the trial court
erred in vacating the award on the basis that no damages were awarded on
Perez's breach of fiduciary duty claim.  We agree.

Addressing liability issues in its
Amended Interim Order #1, the arbitrator found that Ramos "breached his
fiduciary duty to . . . Perez and [the Company] in failing to disclose the lien
created in favor of Eva Ramos on the 12 acre tract transferred to the
project."  The arbitrator "decline[d] to award actual damages"
because "there were none at the time of the filing of the lawsuit." 
Rather, the arbitrator provided for equitable relief.  He ordered the
settlement of the Company, requiring the winding up of a partnership, an
accounting, the distribution of notes, and a reduction of the parties' capital
accounts to zero.  See, e.g., ERI Consulting Eng'rs, Inc. v. Swinnea,
318 S.W.3d 867, 872-75 (Tex. 2010) (setting out that "courts may fashion
equitable remedies such as profit disgorgement and fee forfeiture to remedy a
breach of fiduciary duty") (citing Johnson v. Brewer & Pritchard,
P.C., 73 S.W.3d 193, 200 (Tex. 2002) (stating the rule that courts may
disgorge any profit where "an agent diverted an opportunity from the
principal or engaged in competition with the principal, [and] the agent or an
entity controlled by the agent profited or benefitted in some way"); Burrow
v. Arce, 997 S.W.2d 229, 237 (Tex. 1999) ("[A] person who renders
service to another in a relationship of trust may be denied compensation for
his service if he breaches that trust.")); Chien v. Chen, 759 S.W.2d
484, 494 n.6 (Tex. App.—Austin 1988, no writ) (recognizing equitable remedies,
including a constructive trust, as a remedy for breach of fiduciary duty); Hughes
v. Houston Nw. Med. Ctr., Inc., 680 S.W.2d 838, 843 (Tex. App.—Houston [1st
Dist.] 1984, writ ref'd n.r.e.) (acknowledging a constructive trust as a remedy
for breach of fiduciary duty that results in profit or unjust enrichment to the
breaching party) (citing Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d
401, 410 (1960)); see also Tex.
Bus. Orgs. Code Ann. §§ 11.051(5), 11.314(1)(B) (West Supp. 2010)
(providing that a district court has jurisdiction to order the winding up and
termination of the partnership on a partner's application when the court
determines, among other things, that "another partner has engaged in
conduct relating to the partnership business that makes it not reasonably
practicable to carry on the business in partnership with that partner"). 
Thus, the requested equitable remedies were available and were ordered by the
arbitrator.[6] 
Moreover, because equitable relief was requested and available, the arbitrator
did not need to award actual damages.  See Burrow, 997 S.W.2d at 238-39
(recognizing that a showing of actual damages is not required to prevail on a claim
of breach of fiduciary duty) (relying on Kinzbach Tool Co. v.
Corbett-Wallace Corp., 138 Tex. 565, 160 S.W.2d 509, 514 (1942), to reject
lack of damage to plaintiff as negating recovery for breach of fiduciary duty);
see also Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962)
("The necessary prerequisite to the right to maintain a suit for an
equitable accounting, like all other equitable remedies, is . . . the absence
of an adequate remedy at law.") (citing Beacon Theatres, Inc. v.
Westover, 359 U.S. 500, 510 (1959)); Stockton v. Altman, 432 F.2d
946, 950 (5th Cir. 1970).

In addition, the arbitrator's final
award stated that it was "in full settlement of all claims submitted
to" arbitration and denied all claims not expressly granted in the award. 
This broad language suggests that the arbitrator considered and resolved all
claims submitted, including the damage element of the breach-of-fiduciary-duty
claims.

 

Based
on our de novo review, see Kergosien, 390 F.3d at 352; Tanox,
105 S.W.3d at 250, and indulging all reasonable presumptions in favor of the
award and none against it, see Statewide Remodeling, 244 S.W.3d
at 568, we conclude that the arbitrator's award resolved all issues submitted
to arbitration, including the damage element of Perez's breach-of-fiduciary-duty
claim.  Thus, the trial court erred in vacating the arbitration award on the
basis that no breach-of-fiduciary-duty damage finding had been made.  We
sustain Ramos's issue in that regard.

B.  Ambiguity

 

Perez also urged, in his motion to
vacate, that the award did not clearly set out what the parties were to do with
regard to the Eva Ramos lien.  While Ramos argues on appeal that there is no
such ambiguity, he asserts, in the alternative, that if this Court so
concludes, then the proper remedy is not to vacate the award but to remand the
award to the arbitrator for clarification of that matter.  We agree.

When a reviewing court finds part of an
award ambiguous, the remedy is to remand the award to the arbitrator for a full
explanation.  San Antonio Newspaper Guild Local No. 25 v. San Antonio Light
Div., 481 F.2d 821, 825 (5th Cir. 1973); see Weinberg v. Silber, 140
F.Supp.2d 712, 722-23 (N.D. Tex. 2001); see also In re
Nestle USA—Beverage Div., Inc., 82 S.W.3d 767, 778 (Tex. App.—Corpus
Christi 2002, orig. proceeding).

In this case, the award discussed an amount
of cash, $91,201, to be paid to Ramos.  The arbitrator incorporated Exhibit
"I" into his final award.  This exhibit, adopted from Perez's closing
brief, set out that the cash in the bank and in escrow in the court to be paid
to Ramos—the $91,201—was subject to "release by Eva Ramos."  The
arbitrator also stated in the opening paragraph of his final award that he
considered all arguments presented by the parties.  Based on this language, the
arbitrator considered the following argument urged by Perez in his closing
brief:

[T]he
payment of these cash assets should be conditioned upon a release of lien
executed by Eva Ramos or the payment should be made jointly payable to both
Ramos and Eva Ramos, to assure that no further damages are incurred due to the
lien on the property and that matter is resolved," . . . [and] this
distribution[, summarized in Exhibit "I"] addresses the respective
breaches of fiduciary duties by . . . Ramos by . . . conditioning the payment
of the case [sic] to Ramos on obtaining a release from Eva Ramos.

 

Perez's proposal would have allowed for the release of
the lien so that the money could have been paid to Ramos.

While stating that the payment of the
money to Ramos was subject to a release from Eva Ramos and considering this proposal,
the arbitrator did not, however, expressly inform the parties as to what should
be done regarding the lien.  Therefore, we cannot conclude that the award's
language is dispositive as to how the parties should handle that part of the
award, the referenced lien.  The language provides no guidance.  Instead, it is
ambiguous.  

Because the award did not clearly set
out what the parties were to do with regard to the Eva Ramos lien, the trial
court properly concluded the award was ambiguous and that the arbitrator
executed his powers so imperfectly that no mutual, final, or definite award was
rendered.  See 9 U.S.C. ' 10(a)(4).  Thus, we
overrule Ramos's issue to the extent he challenges the ambiguity of the award
as the basis for the trial court's vacatur.

However, because the proper remedy for
an ambiguous award is to remand it to the arbitrator for a full explanation and
clarification, see San Antonio Newspaper Guild, 481 F.2d at 825, we
agree with Ramos that the trial court erred in vacating the award.  Rather, the
trial court should have remanded the matter of the Eva Ramos lien to the
arbitrator for clarification.  See id.  Therefore, we sustain this issue
on the basis of Ramos's alternative remedy argument.

IV. 
Conclusion

            Accordingly, we reverse the order of the
trial court and remand this cause to the trial court with instructions to submit
the matter to the arbitrator for clarification of the process by which the
parties should address the Eva Ramos lien and, once resolved, to enter an order
confirming the arbitration award.

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

11th
day of August, 2011.









[1] Ramos also contends that the trial
court erred in vacating the arbitrator's award because Perez failed to prove
that the arbitrator was (1) partial or biased and (2) refused to hear pertinent
and material evidence related to accounting principles that were allegedly
misapplied which prejudiced Perez's rights.  See 9 U.S.C. § 10(a)(2)–(3)
(West 2006).  Perez, however, has informed the Court that he does not rely on
these arguments to support his position.  Neither does Perez contend that he
proved the arbitrator exceeded his powers.  See id. § 10(a)(4). 
Therefore, to the extent Ramos argues these issues on appeal, we need not
address them.  See Tex. R. App.
P. 47.1.  In other words, both parties agree that the only matter before
this Court is whether the arbitrator executed his powers so imperfectly that no
mutual, final, or definite award was rendered.  See id.





[2]  The "project" is described
as the development of a tract of land in Mission, Texas, as a residential
subdivision.





 

[3] Although Perez challenged the
accounting process in the trial court, he does not assert on appeal that this
was a basis for vacating the arbitration award.

 





[4] It is undisputed that the arbitration
proceeding was not recorded.  Other than the arbitrator's final award, Perez's
remedies and damages brief is the only portion of the arbitration proceeding
that is part of the appellate record.  Although Perez offered the closing brief
and its exhibits at the hearing on his motion to vacate for the limited purpose
of establishing that one of its exhibits—a certain affidavit—had been submitted
to the arbitrator, the trial court admitted the brief and all of its exhibits
without limitation and without objection.  On appeal, this brief and its exhibits appear in the
reporter's record.





[5]  Exhibit "I" addressed Perez's
recommended disposition of Ramos's breach-of-fiduciary-duty claim through the
following entry under the category of Liabilities:  "Pay Cash in Bank and
escrow in Court to Ramos:  <$91,201> (Subject to release by Eva
Ramos)."





[6] Although Perez's counterclaims do not
appear in the record, it is undisputed that he filed them.  Moreover, because
the arbitrator granted equitable relief in this matter, we must presume that
Perez requested not only actual damages but also equitable relief, as did
Ramos.  See Statewide Remodeling, Inc. v. Williams, 244 S.W.3d 564, 568
(Tex. App.—Dallas 2008, no pet.) (providing that all reasonable presumptions
are indulged in favor of the award and none against it).