

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00325-CV

**RR PRINCE RANCH SWD LTD.,**

**Appellant**

 **v.**

**WILLIAM O. WILEY, SHIRLEY WILEY AND
WILLIAM O. WILEY D/B/A WEN-BE,**

**Appellees**

### From the 369th District Court
### Leon County, Texas
### Trial Court No. NOT-14-12

## MEMORANDUM OPINION

RR Prince Ranch SWD Limited appeals from a judgment that confirmed an arbitration award and denied its motion to set aside the arbitration award. RR Prince Ranch complains that the trial court erred by denying its motion to set aside the arbitration award because the arbitration panel exceeded its authority by disregarding the law of contract construction and because the arbitration panel refused to hear evidence material to the controversy. Because we find that the trial court did not err,

we affirm the judgment of the trial court.

RR Prince Ranch and William O. Wiley, Shirley Wiley, and William O. Wiley d/b/a Wen-Be entered into a contract whereby the Wileys became limited partners in a partnership created for the purpose of drilling a well for disposing of saltwater. The partnership agreement contained an agreement not to compete, which is the primary provision at issue in this proceeding. William Wiley, doing business as Wen-Be, drilled his own saltwater disposal well approximately one mile from the RR Prince Ranch well. RR Prince Ranch filed a lawsuit against the Wileys for violating the agreement not to compete and sought damages for the violation. The parties agreed to submit the proceeding to binding arbitration.

After the arbitration, the panel of arbitrators found that the agreement not to compete was ambiguous, and found in favor of the Wileys. The arbitration panel made a finding that the Wileys did not violate the agreement and awarded attorney's fees and costs to the Wileys. RR Prince Ranch filed a motion with the trial court to vacate the arbitration award and the Wileys filed a motion to confirm the award and for entry of judgment. After hearing arguments by counsel, the trial court denied the motion to vacate, granted the Wileys' motion, and entered a final judgment confirming the arbitration award.

### Denial of Motion to Vacate

In its first issue, RR Prince Ranch complains that the trial court erred by

confirming the arbitration award because the decision of the arbitrators exceeded their authority by disregarding the law. RR Prince Ranch argues that the decision exceeded the authority of the arbitrators because their findings constituted a gross mistake and manifest disregard of the law because the language of the agreement not to compete was not ambiguous and the contract as a whole required a different result.

We review a trial court's decision to vacate or confirm an arbitration award de novo based on a review of the entire record. *Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 790 (Tex. App.—Dallas 2014, no pet.). An arbitration award is presumed valid. *Id.* All reasonable presumptions are indulged to uphold the arbitrators' decision, and none are indulged against it. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.); *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.) The party seeking to vacate the award has the burden of proving grounds for vacatur exist. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied).

RR Prince Ranch's argument is couched in terms of whether the arbitrators exceeded their authority; however, its argument is really a complaint that the arbitrators committed an error of law. A complaint that the arbitrators decided an issue incorrectly or made a mistake of law is not a complaint that the arbitrators exceeded their powers. *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet. denied); *see Pheng Invs., Inc. v. Rodriguez*, 196 S.W.3d 322, 329

(Tex. App.—Fort Worth 2006, no pet.). A reviewing court is not at liberty to substitute its judgment for that of the arbitrators merely because it might have reached a different decision. *Statewide Remodeling*, 244 S.W.3d at 568. Further, because our review is so limited, we may not vacate an award even if it was based upon a mistake in law. *Humitech Dev. Corp.*, 424 S.W.3d at 790; *Centex/Vestal*, 314 S.W.3d at 683; *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Even if we were to determine that the arbitrators made a mistake of law by finding the agreement was ambiguous, we do not find that the arbitrators exceeded their authority. We overrule issue one.

### *Failure to Hear Additional Evidence*

In its second issue, RR Prince Ranch complains that the trial court erred by not vacating the arbitration award because the arbitrators refused to hear additional evidence regarding intent of the parties. RR Prince Ranch contends that when it found out that the arbitrators determined that the agreement was ambiguous, it should have allowed RR Prince Ranch to present additional evidence of the intent of the parties. No record was made of the proceedings before the arbitrators. RR Prince Ranch argues that a record was not necessary for this Court to determine that the arbitrators refused to hear additional evidence after it issued its decision in favor of the Wileys. The Wileys contend that because there is no record of the proceedings, we are unable to properly review this complaint because evidence was presented at the arbitration regarding

intent.

A party seeking to vacate an arbitration award bears the burden of bringing forward a sufficient record establishing a basis for vacating the award. *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 400 (Tex. App.—Dallas 2009, pet. denied); *Statewide Remodeling*, 244 S.W.3d at 567. In the absence of a complete record, we must presume the arbitration evidence adequately supported the award. *Statewide Remodeling*, 244 S.W.3d at 567. Because an adequate record is not before us, we cannot say that the arbitrators erroneously refused to consider additional evidence not presented during the arbitration. Additionally, we cannot determine whether or not the additional evidence would have been relevant because RR Prince Ranch did not make the trial court aware of the substance of the additional evidence it wished to present. We overrule issue two.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 18, 2015
[CV06]

