**REVERSE and RENDER and Opinion Filed September 23, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00265-CV**
_____

**ALIA REALTY LLC, EED, INC. AND EED FAMILY, INC., Appellants**
**V.**
**MOHAMD ALHALWANI AND AMZK PROPERTIES, INC., Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17592**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

This appeal arises from the trial court's order vacating an arbitration award.

In a single issue, appellants Alia Realty LLC, EED, Inc., and EED Family, Inc. argue

the trial court abused its discretion by granting appellees' Mohamd Alhalwani and

Amzk Properties, Inc.'s motion to vacate the arbitration award and by denying their

motion to confirm the award. Because we conclude the trial court erred, we reverse

the trial court's order and render judgment confirming the arbitration award.

**Background**

The underlying facts leading to arbitration are well-known to the parties; therefore, we will not provide a detailed statement of facts but instead provide only those necessary for disposition of the appeal. *See* TEX. R. APP. P. 47.1.

Appellants and appellees, "who share a familial relationship," entered into numerous contracts involving real estate investments and construction projects in the Dallas area.[1]  The parties entered a Rule 11 agreement on October 1, 2019 in which they agreed to resolve any potential disputes in an expedited JAMS arbitration.  Specifically, the parties agreed to participate in an arbitration hearing within three months of a demand for arbitration or "as close thereto as the parties and arbitrator's schedule allowed."

Appellants filed a claim for arbitration on July 6, 2020, asserting, in part, breach of contract, fraud, fraudulent lien, conversion, violations of the Texas Theft Liability Act, and violations of the Texas Trust Fund statute.  Appellants sought over $2 million in damages.  Appellees filed an answer, along with various counterclaims, alleging in part, that they were never paid for the labor and material for various projects.

The arbitration scheduling order provided that the parties "shall designate expert witnesses by September 1, 2020" and "supplemental expert reports or rebuttal

---

[1] In the final award, the arbitrator described the situation as follows: "Family and personal relationships led them to informal business agreements.  Even when documented, they conducted their business operations in a casual manner, apparently without counsel and little or no fiscal accountability. . . .  Absence of fiscal accountability was literally the paradigm of the Parties' business operations."

–2–

experts shall be designated by September 18, 2020." The scheduling order further stated that all fact and expert discovery "shall be completed by October 2, 2020." Per the scheduling order and based on the parties' Rule 11 agreement, the arbitration hearing was scheduled for October 13-15, 2020. It likewise indicated that "[a]ll deadlines shall be strictly enforced."

On September 23, 2020, five days past the deadline for filing supplemental and rebuttal expert reports, appellees filed an opposed, verified motion seeking a sixty-day continuance. They argued the case "primarily focuses on the accounting for . . . twenty-three (23) different properties and millions of dollars in transactions over a period of 4-5 years." Appellees claimed they attempted in good faith to meet the scheduling order deadlines, but they needed more time to examine the "thousands upon thousands of transactions." Despite hiring an expert in August 2020, appellees alleged they struggled to locate a CPA firm willing to create an expert report. In an attempt to deemphasize the strict three-month arbitration deadline, appellees stressed that neither counsel representing the parties participated in the Rule 11 agreement that "fast-tracked" the arbitration.

Appellants responded that appellees, as the contractors, had in their possession documents related to construction costs and other expenses but chose not to timely analyze their own records. Therefore, any problem obtaining a proper accounting was a consequence of appellees' own making, and seeking a continuance was a further delay tactic.

Following a September 24, 2020 hearing "and having the benefit of counsels' argument," the arbitrator denied appellees' motion for continuance, but gave them until October 2, 2020, to supplement their rebuttal expert report. The record on appeal does not contain a transcript of this hearing.

Appellees filed their supplemental expert report on October 2, 2020. They made no further complaints or objections that the extra time granted to file their rebuttal expert report was insufficient or that more time was required to create a full accounting or expert review. Instead, the parties participated in arbitration on October 13-15, 2020.

On November 19, 2020, the arbitrator found in appellants' favor and awarded $529,315.95, jointly and severally against appellees. We do not have a transcript of the arbitration hearing, but the clerk's record contains the arbitrator's final award, which includes his findings and conclusions. The arbitrator's facts and conclusions were "established by the evidence to be true and necessary to the Award." He further concluded, in relevant part, that "Mohamad Alhalwani breached the Parties' Business Agreement and Contractor Agreement and violated his contractual and statutory responsibilities and duty to document and account for his expenditures of Alia Realty, LLC's money which he assessed without authorized business reason or benefit to Alia Realty, LLC."

Appellants subsequently filed an application with the trial court to confirm the arbitration award. Appellees filed a motion to vacate the arbitration award

—4—

contending that the arbitrator violated Texas Civil Practice and Remedies Code section 171.088(a)(3)(B) by refusing to postpone the arbitration after they showed sufficient cause for postponement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(B). The trial court granted appellees' motion to vacate "because the arbitrator, Hon. Harlan Martin (ret.), refused to postpone the arbitration hearing after a showing of sufficient cause for postponement."

This appeal followed.

### Discussion

In a single issue, appellants argue the trial court erred by denying their motion to confirm the arbitration award and granting appellees' motion to vacate the award. Appellants contend the arbitrator had a reasonable basis for his ruling, appellees cannot show harmful error, and appellees waived their complaint. Appellees respond that the trial court properly vacated the award because they established sufficient cause for postponement under civil practice and remedies code section 717.088(a)(3)(B), and they preserved their issue by filing a verified motion for continuance that the arbitrator considered and overruled.

We begin by addressing waiver. The preservation requirements of appellate rule 33.1 apply to arbitrations. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 & n.80 (Tex. 2011) ("Although these rules are not written for appeals from arbitration, their principles should govern such appeals."); *see also Tex. Health Mgmt., LLC v. Healthspring Life & Health Ins. Co., Inc.*, No. 05-18-01036-CV, 2020

–5–

WL 3071729, at *7 (Tex. App.—Dallas June 10, 2020, no pet.) (mem. op.). Further, a party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacating the award. *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.). When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award. *Id.*

It is undisputed appellees filed a properly verified motion for continuance. The trial court denied the sixty-day extension request, but did extend appellees' deadline to file their supplemental expert report. The parties' disagree on whether appellees needed to object again after filing the supplemental expert report. Appellees insist that once the arbitrator denied their motion for continuance, they were not required to do anything more to preserve their issue. They maintain such is true regardless of the arbitrator allowing supplementation because "that was not the relief [appellees] requested or needed." Appellants, however, contend that once appellees were permitted to and indeed filed a supplemental expert report and then proceeded to arbitrate without further complaint, appellees left the arbitrator with the impression they were ready to proceed with the evidence they obtained. We agree.

Although appellees filed a motion for continuance, under the facts of this case, we disagree that alone was enough to preserve their argument for review. The record indicates the trial court extended appellees' deadline for filing a supplemental expert

–6–

report thereby allowing extra time for the expert to conduct an accounting. Appellees subsequently filed a supplemental expert report. Thereafter, they never complained to the arbitrator that they needed more time for a proper accounting or that their supplemental expert report was incomplete. Instead, they proceeded to arbitration.

Moreover, the arbitrator's decision to deny the continuance is supported by the parties decision to enter into a binding Rule 11 agreement requiring arbitration to occur within three months of filing an arbitration claim. Although appellees intimate the agreement to "fast track" arbitration is somehow questionable because different attorneys agreed to it, we find no support for this proposition.

To the extent appellees contend they did not need to further object because allowing supplementation of the expert report was not the relief they requested or needed, we disagree. In their motion for continuance, appellees voiced concern that the timing of the rebuttal expert reports was unworkable. Thus, the arbitrator could reasonably conclude appellees requested and would benefit from an extended deadline to file such reports. Further, without the benefit of a record from the hearing, we are left guessing as to who suggested a deadline extension for expert supplementation and whether either side disagreed or agreed with the arbitrator's decision to allow it. The arbitrator's order denying the motion states he made his ruling "having the benefit of counsels' argument." Unfortunately, without a complete record, this Court does not have the same benefit. As such, appellees have

failed to bring forth a record establishing grounds for vacatur. *See Statewide Remodeling, Inc.*, 244 S.W.3d at 568.

In addition to a silent record as to whether appellees informed the arbitrator that the extended time to file a supplemental expert report was insufficient before proceeding to arbitration, appellees failed to make any such complaints in two post-arbitration briefs. Instead, they argued the evidence was insufficient to support the arbitration award because appellants' expert's opinions were unsupported speculation, and their expert, unlike appellant's expert, used the proper accounting analysis by reconciling bank accounts. Thus, to the extent appellees contend, "The lack of an audit proved a problem at the arbitration in that the Defendants were not able to fully rebut the Plaintiffs' claims," such statements are unsupported by our silent record. Counsel's statements in post-arbitration briefing and briefing in this Court concerning what occurred is not a substitute for a record of those proceedings. *See Henry S. Miller Brokerage, LLC v. Sanders*, No 05-14-01618-CV, 2015 WL 4600218, at *3 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.).

To the extent appellees assert the arbitrator struggled to follow the accounting and was "left searching" for the truth, we cannot agree. First, as previously stated, we do not have a record of the arbitration hearing and must presume the evidence adequately supports the award. *Statewide Remodeling, Inc.*, 244 S.W.3d at 568. Second, the arbitration award states that the arbitrator's facts and conclusions were "established by the evidence to be true and necessary to the Award" based on the

parties' offers of proof, evidence submitted, and counsels' arguments. The arbitrator made credibility determinations when the parties' positions differed. As such, despite any questions or concerns regarding the accounting, the arbitrator ultimately considered the evidence, made credibility determinations, and found in favor of appellants.

Not until they received an unfavorable award and appellants sought to confirm the award in the trial court did appellees argue they were harmed by the arbitrator's failure to grant their requested continuance. A party may not sit idle during an arbitration hearing and then collaterally attack that procedure on grounds not raised before the arbitrator after an adverse result. *See Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 719 (Tex. 2012). Our rules on preservation of error conserve judicial resources, promote fairness among litigants, and further the goal of accuracy in judicial decision-making. *Id*. These considerations are equally important in the review of an arbitration award. *Id*.

Accordingly, we conclude the trial court erred by vacating, rather than confirming, the arbitration award. We sustain appellants' sole issue.

**Conclusion**

We reverse the trial court's April 13, 2021 order granting appellees' motion to vacate arbitration award and denying appellants' application to confirm

arbitration. We render judgment confirming the Final Arbitration award issued by the Honorable Harlin Martin (Ret.), on November 19, 2020 in JAMS Case Number 1310025052.

/Craig Smith/
CRAIG SMITH
JUSTICE

210265F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALIA REALTY LLC, EED, INC.
AND EED FAMILY, INC.,
Appellants

No. 05-21-00265-CV     V.

MOHAMD ALHALWANI AND
AMZK PROPERTIES, INC.,
Appellees

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-17592.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

In accordance with this Court's opinion of this date, the April 13, 2021 order granting appellees' motion to vacate arbitration award and denying appellants' application to confirm arbitration is **REVERSED** and judgment is **RENDERED** that:

The Final Arbitration award issued by the Honorable Harlin Martin (Ret.), on November 19, 2020 in JAMS Case Number 1310025052, is confirmed.

It is **ORDERED** that appellants ALIA REALTY LLC, EED, INC. AND EED FAMILY, INC. recover their costs of this appeal from appellees MOHAMD ALHALWANI AND AMZK PROPERTIES, INC.

Judgment entered this 23rd day of September 2021.