**ALLSTYLE COIL COMPANY, L.P., Appellant,**

v.

**Roberto CARREON, Appellee.**

**No. 01–07–00790–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 2009.

Rehearing Overruled June 12, 2009.

Paul M. Hood, Paul M. Hood, P.C., Dallas, TX, for appellant.

Robert S. Kwok, Robert Kwok & Associates, L.L.P., Houston, TX, for appellee.

Panel consists of Justices TAFT, BLAND, and SHARP.

## OPINION

JIM SHARP, Justice.

Allstyle Coil Company, L.P. appeals the trial court's judgment confirming an arbi-

tration award under the Federal Arbitration Act in favor of appellee, Roberto Carreon. In one issue, appellant contends that the trial court erred by confirming the arbitrator's award because the arbitrator exceeded his authority, manifestly disregarded the law, and failed to base his award on any recognized legal standard.

We affirm.

## Background

While working for Allstyle Coil, appellee Roberto Carreon, who neither spoke nor read English, splashed wet concrete on his legs. When he told his supervisor that he was in pain, his supervisor told him "everyone gets that." Appellee later sought medical attention for injuries to his legs, for which he was hospitalized for several days.

Allstyle Coil is a nonsubscriber to the Texas Worker's Compensation system. Appellee sued Allstyle Coil for negligence. Allstyle Coil moved to compel arbitration, and appellee agreed. The parties agreed on an arbitrator, who found that that Allstyle Coil had failed to warn, train, and supervise appellee adequately and awarded approximately $217,000 to appellee. Appellee moved to confirm the arbitrator's award and Allstyle Coil moved to vacate it. On March 19, 2007, the trial court rendered final judgment in accordance with the arbitrator's award. The court reporter filed a statement that no record was taken in this case. The appellate record does not include a copy of the arbitration agreement.

## Discussion

■ In one issue, appellant contends that the trial court erred by confirming the arbitrator's award because the arbitrator exceeded his authority, manifestly disregarded the law, and failed to base his award on any recognized legal standard. The parties agree that the arbitration agreement was governed by the Federal Arbitration Act. *See* 9 U.S.C. §§ 1–16 (2006). Under the Federal Arbitration Act, we review a trial court's decision to confirm an arbitration award de novo. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App.-Houston [14th Dist.] 2003, pet. denied). The statutory grounds for vacatur under the FAA are:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The United States Supreme Court held that these are the *exclusive* grounds for vacating an arbitration award when a party has moved for confirmation of the award in the trial court.[1] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 1401, 1403, 1406,

---

1. The Supreme Court noted that "more searching review based on authority outside the statute" may be available when a party "contemplate[s] enforcement under state statutory or common law, for example, where judicial review of different scope is arguable." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 1406, 170 L.Ed.2d 254 (2008).

170 L.Ed.2d 254 (2008). Relying on *Hall Street Assocs.*, the Fifth Circuit overruled its prior holdings recognizing "manifest disregard of the law" as an independent common-law ground for vacating an arbitration award. *Citigroup Global Mkts., Inc. v. Bacon,* 562 F.3d 349, 358 (5th Cir. 2009).

The question before us now is whether, under the FAA, manifest disregard of the law remains valid, as an independent ground for vacatur, after *Hall Street.* The answer seems clear. *Hall Street,* unequivocally held that the statutory grounds are the exclusive means for vacatur under the FAA. Our case law defines manifest disregard of the law as a *non-statutory* ground for vacatur. Thus, to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA.

. . . .

In light of the Supreme Court's clear language that, under the FAA, the statutory provisions are the exclusive grounds for vacatur, manifest disregard of the law as an independent, nonstatutory ground for setting aside an award must be abandoned and rejected. Indeed, the term itself, as a term of legal art, is no longer useful in actions to vacate arbitration awards. *Hall Street* made it plain that the statutory language means what it says: "courts *must* [confirm the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title," 9 U.S.C. § 9 (emphasis added), and there's nothing malleable about "must." Thus from this point forward, arbitration awards under the FAA may be vacated only for reasons provided in § 10.

To the extent that our previous precedent holds that nonstatutory grounds may support the vacatur of an arbitration award, it is hereby overruled.

*Id.* at 355–56, 358.

■ Here, appellee sought to enforce the arbitration award through the expedited procedures available under the FAA, specifically by filing a motion to confirm the award in the trial court. Appellant argues the nonstatutory grounds of manifest disregard of the law and violation of public policy as grounds for vacatur. These are no longer legally recognized grounds for vacating an arbitration award. To the extent that appellant's sole issue is based on these non-statutory grounds for vacatur, it is overruled.

■ In addition, appellant argues that the arbitrator exceeded the scope of his authority by issuing his arbitration award several months after the court-ordered deadline for completing arbitration and by awarding future medical damages. The scope of an arbitrator's authority depends on arbitration agreement. *J.J. Gregory Gourmet Servs. Inc. v. Antone's Import Co.,* 927 S.W.2d 31, 35 (Tex.App.-Houston [1st Dist.] 1995, no pet.) (citing *Gulf Oil Corp. v. Guidry,* 160 Tex. 139, 327 S.W.2d 406, 408 (1959)).; *see also Apache Bohai Corp. LDC v. Texaco China BV,* 480 F.3d 397, 401 (5th Cir.2007); *Brook v. Peak Int'l,* 294 F.3d 668, 672 (5th Cir.2002). "To determine whether an arbitrator exceeded his powers, we must examine the language in the arbitration agreement." *Glover v. IBP, Inc.,* 334 F.3d 471, 474 (5th Cir.2003). The appellate record does not include a copy of the arbitration agreement, nor does it include a record of the arbitration. Based on this record, appellant has not shown that the arbitrator exceeded his authority. To the extent that appellant's sole issue argues that the arbitrator ex-

ceeded his authority, we overrule appellant's issue.

We hold that the trial court did not err by confirming the arbitration award in favor of appellee.

## Conclusion

We affirm the judgment of the trial court.