In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00326-CV
_____

CONN APPLIANCES, INC., Appellant

V.

RICHARD PUENTE, Appellee

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-198,556**

**MEMORANDUM OPINION**

Conn Appliances, Inc. (Conn's) appeals the trial court's Order granting Richard Puente's Motion to Vacate an Arbitration Award, denying Conn's Motion to Confirm the Award, vacating the Arbitration Award, and declaring Conn's Dispute Resolution Plan (the "Arbitration Agreement") void. Because we conclude the trial court erred, we reverse the trial court's order and remand the case to the trial court for proceedings consistent with this opinion.

## Background

Puente was employed by Conn's as an appliance repairman. While repairing a customer's appliance, Puente injured his thumb and hand. Puente sued Conn's, his employer, for his personal injuries. Conn's is a non-subscriber under the Texas Workers' Compensation Act. *See* Tex. Labor Code Ann. § 406.003. Puente alleged that Conn's was negligent in failing to provide him the necessary tools to perform the repair work he was assigned to do, resulting in an injury to his right thumb and hand.

Conn's had an Arbitration Agreement with Puente. The Arbitration Agreement included the following provisions:

> [] Either party may bring an action in any court of competent jurisdiction to compel arbitration, to enforce an arbitration award, and to vacate an award under this Plan. The award may be vacated or modified on the grounds specified in the Federal Arbitration Act or when the arbitrator's award reflects a manifest disregard for the law.
>
> . . . .
>
> [] CONN'S and the employee understand that they are agreeing to substitute one legitimate dispute resolution forum (arbitration) for another (litigation), and that each is hereby waiving its/his/her right to have its/his/her covered dispute(s) resolved by a court and/or jury.
>
> [] The terms of this Plan are severable. The invalidity or unenforceability of any provision shall not affect the validity or enforceability of any other provision.
>
> [] No party is relying on any representations, oral or written, on the subject or the effect enforceability or meaning of this Agreement, except as specifically set forth in this Plan.

2

In response to the lawsuit, Conn's filed an Answer and alleged that the parties had entered into a binding Arbitration Agreement and sought to have the claim submitted to arbitration. Puente and Conn's then asked the trial court to enter an agreed order to abate the suit and to submit Puente's claim to binding arbitration. The parties agreed upon an arbitrator and the arbitrator held a final hearing and thereafter issued an Award. The arbitrator concluded that Conn's was negligent and awarded Puente $60,000. The arbitrator made findings of fact and conclusions of law, which included findings, in pertinent part, that: specific tools should have been provided to Puente by Conn's which would have prevented his injuries; Puente did not seek other medical treatment for almost five months after initially receiving treatment after the incident, did not follow-up with treatment, and saw his primary care health professional three times following the incident but never mentioned his hand injury; Puente stated in his recorded statement immediately following the injury that he did not feel Conn's contributed to his injury in any way and that Conn's is a safe place to work, which "greatly weighed in the final award"; Puente signed a Safety Pledge when he was hired in which he agreed he would report an unsafe act or condition, but Puente failed to report his need for the proper tools despite being trained to use them; Puente was released to return to work in September 2016 but instead of returning to Conn's, he went to work in the same position for another business, which limited future damages from September 1, 2016; Puente failed to

3

produce certain pay and income records; Conn's is entitled to a credit for its earlier payment to Puente for $16,025.70; Puente's reported rotator cuff injury was not caused by the injury; the Award took into account Puente's obligation to use ordinary care and to act in a reasonable manner, which the arbitrator did not find Puente did to the full extent he should have; and that Conn's "in its response, whether as to fact or law, has cited a contrary position on almost every material issue which has been carefully considered in rendering this Final Award."

Puente filed a Motion to Vacate the Arbitration Award on the grounds that the arbitrator manifestly disregarded the law by improperly considering contributory negligence principles in reducing the amount of the damages award. According to the motion, the improper ruling on damages provided a contractual ground for vacatur under the Arbitration Agreement because it allowed for vacatur when the arbitrator displays a manifest disregard for the law, and the improper ruling on damages also provided a statutory ground for vacatur because the arbitrator violated the Texas Arbitration Act (TAA) and Federal Arbitration Act (FAA) by "exceeding his powers" in issuing an award that reflects a manifest disregard of the law. Conn's filed a Motion to Confirm the award.

The trial court heard the motions and entered an Order that denied Conn's motion to confirm the arbitration award, granted Puente's motion to vacate the arbitration award, declared the arbitration agreement void, and stated that Puente

4

could pursue his claim in the trial court. The trial court's Order included the following findings:

> That Defendant is bound by the terms of the Arbitration Agreement applicable to this matter, which Defendant drafted;
>
> That the Arbitration Agreement contained a provision that allowed any Arbitration Award to be vacated if the Arbitrator was found to have manifestly disregarded the law;
>
> That this provision was a material part of the Arbitration Agreement;
>
> That Defendant never intended to abide by this material provision in the Arbitration Agreement;
>
> That the Arbitrator, in his Final Award in this matter, manifestly disregarded the applicable law governing the issues in this matter in a manner that benefitted Defendant;
>
> and
>
> That, based on Defendant's material breach, the Arbitration Agreement is VOID.

Conn's appealed.

## Issues on Appeal

In Conn's first issue, it argues the trial court erred in granting Puente's motion to vacate the arbitrator's final award and denying Conn's motion to confirm where the only ground for vacatur presented was a claim of manifest disregard, which is no longer a valid basis for vacatur in arbitrations conducted pursuant to the FAA. In issue two, Conn's argues that, even if the FAA permits vacatur based on manifest disregard of the law, the trial court erred in finding manifest disregard of the law

5

because the arbitration award never mentioned contributory negligence. In issue three, Conn's argues the trial court erred because its order declared the entire Arbitration Agreement void based on a claim of fraud, where no evidence of fraud was presented and the arbitration includes a savings clause and disclaimer of representations. In issue four, Conn's argues the trial court erred in allowing the case to be tried in court following vacatur and Section 10 of the FAA only permits the trial court to order a rehearing by the arbitrator.

Standard of Review and Applicable Law

We review de novo a trial court's order confirming, modifying, or vacating an arbitration award under the FAA. *Banc of Am. Inv. Servs., Inc. v. Lancaster*, No. 2-06-314-CV, 2007 Tex. App. LEXIS 7100, at *8 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.) (citing *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817, 819-20 (5th Cir. 1993)); *see also In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 397 (Tex. App.—Dallas 2009, pet. denied); *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 567 (Tex. App.—Dallas 2008, no pet.). This de novo standard is intended to give this Court full power to give strong deference to the award. *See Banc of Am. Inv. Servs.*, 2007 Tex. App. LEXIS 7100, at *8; *see also McIlroy*, 989 F.2d at 819-20. Texas law strongly favors arbitration, and judicial review of an award is narrow and exceedingly deferential. *See Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016); *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 407-08 (Tex.

6

App.—Dallas 2007, no pet.). An arbitration award has the same effect as a judgment of a court of last resort; accordingly, all reasonable presumptions are indulged in favor of the award and none against it. *See CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). "A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacatur." *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The entire record is considered in our review. *Statewide Remodeling, Inc.*, 244 S.W.3d at 567.

Under the FAA, an arbitration award is presumed to be valid. *Myer*, 232 S.W.3d at 407. An arbitration award governed by the FAA must be confirmed unless it is vacated, modified, or corrected under limited grounds. *Amoco D.T. Co.*, 343 S.W.3d at 841. Under section 10(a), a court may vacate an arbitration decision upon the application of any party to the arbitration:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

7

9 U.S.C. § 10(a). The FAA does not include an additional ground to vacate an arbitration award based on the Arbitrator's error in the interpretation or application of the law, or for mistakes in fact-finding and courts should not "'conduct a review of an arbitrator's decision on the merits.'" *Rosales v. Lone Star Corrugated Container Corp.*, No. 05-19-00183-CV, 2020 Tex. App. LEXIS 729, at *6 (Tex. App.—Dallas Jan. 27, 2020, no pet.) (mem. op.) (quoting *Householder Grp. v. Caughran*, 354 Fed. App'x 848, 851 (5th Cir. 2009)). Under the FAA, courts may vacate an arbitrator's decision "only in very unusual circumstances." *Id*. at *7 (quoting *Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 568 (2013)); *see also Hughes Training, Inc. v. Cook*, 148 F. Supp. 2d 737, 742 (N.D. Tex.) ("[R]eview of an arbitration award is extraordinarily narrow under the FAA[.]"), *aff'd*, 254 F.3d 588 (5th Cir. 2001). In other words, this Court's review is so limited that "we may not vacate an award even if it is based upon a mistake in law or fact." *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). Judicial scrutiny focuses on the integrity of the process, not the propriety of the result. *Id.* (citing *TUCO, Inc. v. Burlington N. R.R. Co.*, 912 S.W.2d 311, 315 (Tex. App.—Amarillo 1995), *modified on other grounds*, 960 S.W.2d 629 (Tex. 1997)). "Ultimately, our review is a determination of whether the '[a]ward [is] so deficient that it warrant[s] sending the parties back to square one.'" *Howerton v. Wood*, No. 02-15-00327-CV, 2017 Tex. App. LEXIS 1532, at *7 (Tex.

8

App.—Fort Worth Feb. 23, 2017, no pet.) (mem. op.) (quoting *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011)).

Although FAA section 10(a)(4) permits a trial court to vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made[,]" that provision does not allow a court to vacate an arbitration award for "errors in interpretation or application of the law or facts." *Ancor Holdings, LLC*, 294 S.W.3d at 827, 830 (citing *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied)); *see also* 9 U.S.C. § 10(a).

Analysis

In issue one, Conn's argues the trial court erred in granting Puente's motion to vacate the arbitrator's final award and denying Appellant's motion to confirm where the only ground for vacatur presented was a claim of manifest disregard and such is not a valid basis for vacatur in arbitrations conducted pursuant to the FAA, even though the Conn's Arbitration Agreement expressly stated that "[t]he award may be vacated or modified on the grounds specified in the Federal Arbitration Act or when the arbitrator's award reflects a manifest disregard of the law." In issue two, Conn's argues that, even if the FAA still permits vacatur based on manifest disregard of the law, the trial court erred in finding manifest disregard of the law because the arbitration award does not exhibit the arbitrator manifestly disregarded the law and

9

the award never mentioned contributory negligence. On appeal, Puente argues that the final award demonstrates that the arbitrator manifestly disregarded the law by improperly considering Puente's contributory negligence, "which is forbidden by the State of Texas as a penalty" to a non-subscribing employer. According to Puente, Conn's also materially breached the Arbitration Agreement by taking the position that Puente could not assert "manifest disregard" as grounds for vacatur, Conn's fraudulently induced Puente to sign the Arbitration Agreement when it made material representations in the agreement about Puente's ability to seek vacatur on the basis of a manifest disregard of the law,[1] and that caselaw post-*Hall* states that manifest disregard can fall under Section 10(a)(4)'s "where the arbitrators exceeded their powers" language. *See Hall St. Assocs., L.L.C. v. Mattell, Inc.*, 552 U.S. 576 (2008). In his First Amended Supplemental Brief, Puente also asserts that, under the Supreme Court's recent decision in *New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019), he is exempt from coverage under Section 1 of the FAA.

---

[1] Puente has not directed this court to any evidence in the record to support his claim that Conn's knew that the "manifest disregard" language was unenforceable at the time it entered into the Arbitration Agreement with Puente, nor has he cited to evidence in the record that Conn's knew at the time the Arbitration Agreement was drafted that manifest disregard was not a proper basis for vacatur. The only evidence in the record now before us indicates that the Arbitration Agreement was a form drafted by Conn's in 2006, which predates issuance of the 2008 *Hall* opinion. *See Hall St. Assocs., L.L.C. v. Mattell, Inc.*, 552 U.S. 576 (2008). We also note that the Arbitration Agreement had a "severability clause" and a disclaimer of reliance provision.

Before we address the issues raised by Appellant, we examine Puente's argument that his claim is exempt from coverage under the FAA pursuant to Section 1 of the FAA. According to Puente, *New Prime*

> provides additional, independent grounds for affirming the trial court's holding that the Arbitration Agreement at issue in this case is void and unenforceable, as the case recognizes that matters like the instant situation are exempt from coverage by Section 1 of the Federal Arbitration Act, which exempts from the Act's coverage "contracts of employment of . . . workers engaged in interstate commerce."

Conn's responds that the "residual exemption in Section 1 of the FAA does not extend beyond the transportation industry[,]" and *New Prime* reaffirmed prior Supreme Court precedent construing the Section 1 exemption to apply exclusively to workers engaged in the transportation industry. Puente was an appliance repair technician, and nothing in the record indicates he was a worker engaged in the transportation industry. Conn's also argues that, even if *New Prime* and the Section 1 exemption applied to the facts in the present case, Puente waived any argument that he is exempted from the FAA's arbitration requirements by invoking the arbitration process. We need not determine whether the exemption discussed in *New Prime* applies to Puente if Puente waived the exemption.

Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). The reason for finding waiver lies in the "inherent unfairness caused by 'a party's attempt to have it both ways by switching

11

between litigation and arbitration[.]'" *In re Citigroup Global Mkts, Inc.*, 258 S.W.3d 623, 625 (Tex. 2008) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008)). "This reason equally applies when a party substantially invokes the arbitral process to the other party's detriment." *Thomas Petroleum, Inc. v. Morris*, 355 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

A party must challenge the authority of an arbitrator to resolve a dispute before arbitration occurs, not after. *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 584 (5th Cir. 1980). "Under the FAA, the proper procedure for a party to challenge whether it is subject to an arbitration agreement is to move the court for a stay of arbitration." *Garner v. MBNA Am. Bank, N.A.*, No. 3:05-CV-1029-R, 2006 U.S. Dist. LEXIS 56799, at *9 (N.D. Tex. Aug. 14, 2006). A party must also preserve its jurisdictional objection by first raising it with the arbitrator. *Teamsters Local Union No. 764 v. J.H. Merritt & Co.*, 770 F.2d 40, 42-43 (3d Cir. 1985). Failure to make a timely objection to the arbitration procedure amounts to waiver of the objection. *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 674 (5th Cir. 2002); *Teamsters Local Union No. 764*, 770 F.2d at 42-43.

Puente consented to and joined the filing of the Agreed Motion for Abatement. As stated in the Agreed Motion, the parties agreed

> that the claims asserted by Plaintiff are covered by a mutual written agreement to arbitrate all disputes relating to Plaintiff's employment,

and that Plaintiff's claims are arbitrable. . .. The [p]arties have agreed to arbitrate this matter.

The trial court signed the Agreed Proposed Order to Abate Proceedings and sent the matter to arbitration. Puente never raised an objection to the arbitrator, or to the arbitration procedure, nor did he seek to stay the arbitration. *See Teamsters Local Union No. 764*, 770 F.2d at 42-43; *Piggly Wiggly Operators' Warehouse*, 611 F.2d at 584; *Garner*, 2006 U.S. Dist. LEXIS 56799, at *9. Puente first asserted he was exempt from the arbitration under Section 1 of the FAA on appeal. We conclude that Puente waived his exemption argument by substantially invoking the arbitral process. *See id.*

Having rejected the exemption argument made by Puente, we now address Conn's first appellate issue. Conn's argues that pursuant to the Supreme Court's 2008 opinion in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, the grounds for which a trial court may vacate an arbitration award under the FAA are limited to those expressly identified in Section 10. Conn's contends that the Supreme Court has expressly concluded that the statutory grounds for vacatur cannot be supplemented by agreement. *See Hall St. Assocs.*, 552 U.S. at 578. Accordingly, Conn's argues that its arbitration award could not be set aside or vacated due to a "manifest disregard of the law."

Following *Hall*, federal courts in the Fifth Circuit and several intermediate Texas appellate courts have concluded that our review of an arbitration award under

13

the FAA is limited to the statutory grounds enumerated in the statute, and "manifest disregard of the law" as a non-statutory ground is no longer a proper basis for setting aside an arbitration award under the FAA. *See Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009); *WEH-SLMP Invs., LLC v. Wrangler Energy, LLC*, No. 05-19-00271-CV, 2020 Tex. App. LEXIS 1808, at **9-10 (Tex. App.—Dallas Mar. 2, 2020, no pet.) (mem. op.); *Holmes Builders at Castle Hills, Ltd. v. Gordon*, No. 05-16-00887-CV, 2018 Tex. App. LEXIS 1572, at *5 (Tex. App.—Dallas Feb. 28, 2018, no pet.) (mem. op.); *Prescription Health Network, LLC v. Adams*, No. 02-15-00279-CV, 2017 Tex. App. LEXIS 3533, at **11-15 (Tex. App.—Fort Worth Apr. 20, 2017, pet. denied) (mem. op.); *Ancor Holdings, LLC*, 294 S.W.3d at 829-30; *Allstyle Coil Co., L.P. v. Carreon*, 295 S.W.3d 42, 44 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Chandler v. Ford Motor Credit Co., LLC*, No. 04-08-00100-CV, 2009 Tex. App. LEXIS 1587, at **8-10 (Tex. App.—San Antonio Mar. 4, 2009, no pet.) (mem. op.). We agree with our sister courts and conclude that manifest disregard of the law is not an independent basis for setting aside an arbitration award under the FAA.

That said, Appellee contends that even if "manifest disregard of the law" may not be an independent basis for vacatur, it remains a viable argument as part of the

14

"judicial gloss" within the statutory grounds enumerated in section 10.[2] We need not determine whether manifest disregard constitutes a basis for vacating this arbitration award as part of a "judicial gloss" within the statutory grounds enumerated in Section 10 because Puente failed to meet his burden to demonstrate that the arbitrator manifestly disregarded controlling law. To the extent that manifest disregard survived *Hall Street*, it requires far more than mere error in the law or failure of the arbitrator to properly apply or consider the law. *WEH-SLMP Invs., LLC*, 2020 Tex. App. LEXIS 1808, at **9-10; *see also McKool Smith P.C. v. Curtis Int'l, Ltd.*, 650 Fed. App'x 208, 212-13 (5th Cir. 2016). The standard for manifest disregard for the law is deferential to the arbitrator and, by design, is "difficult to satisfy." *Bacon*, 562 F.3d at 354. "Manifest disregard 'means more than error or misunderstanding with respect to the law.'" *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 381 (5th Cir. 2004) (quoting *Prestige Ford v. Ford Dealer Comput. Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003)); *see also DynaColor, Inc. v. Razberi Techs., Inc.*, 795 Fed. App'x 261, 264 (5th Cir. 2020) (per curiam). Puente failed to establish that the arbitrator "appreciated the existence of a clearly governing principle but decided to ignore or pay no attention to it." *Brabham*, 376 F.3d at 381-82 (quotation omitted).

---

[2] The Supreme Court's dicta in a footnote in *Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010), stated, "We do not decide whether 'manifest disregard' survives our decision in [*Hall Street*] as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth in 9 U.S.C. § 10."

Even if the arbitrator understood—and ignored—Texas law, "the award should be upheld unless it would result in significant injustice, taking into account all the circumstances of the case[.]" *Williams v. Cigna Fin. Advisors, Inc*., 197 F.3d 752, 762 (5th Cir. 1999) ; *see also United Paperworkers Int'l Union v. Misco, Inc*., 484 U.S. 29, 38 (1987) ("[T]hat a court is convinced [the arbitrator] committed serious error does not suffice to overturn [the arbitrator's] decision[, but] decisions procured by the parties through fraud or through the arbitrator's dishonesty need not be enforced."). Here, giving deference to the arbitrator's award and considering all the circumstances of the case, we cannot say that the award would result in significant injustice. *See Bacon*, 562 F.3d at 354; *Williams*, 197 F.3d at 762. Our review is so limited that we cannot vacate the award even if the arbitrator made a mistake in law or fact. *Ancor Holdings, LLC*, 294 S.W.3d at 826; *see also Wilko v. Swan*, 346 U.S. 427, 436-37 (1953) (An arbitrator's erroneous interpretations or applications of law are not reversible.). We cannot say here that the award is so deficient that it warrants sending the parties back to square one. *See Howerton*, 2017 Tex. App. LEXIS 1532, at *7.

Puente also argues that the trial court correctly vacated the award because the award was procured by fraud. In the Order vacating the Award, the trial court found that Conn's never intended to abide by the material provision in the Arbitration Agreement that allowed an arbitration award to be vacated if the arbitrator was found

16

to have manifestly disregarded the law. In his motion to set aside and vacate the Award, Puente argued that Conn's fraudulently induced him to enter into the Arbitration Agreement in 2014 by promising the relief of vacatur if the arbitrator manifestly disregarded the law, a provision Puente contends Conn's never intended on honoring, and that Conn's breached the Arbitration Agreement by intentionally taking the position that under *Hall Street* (a 2008 case) the provision was unenforceable. Puente's "evidence" of the alleged fraud was Conn's argument and reliance on *Hall Street* in its effort to confirm the arbitration award.

Section 10(a)(1) of the FAA expressly allows a party to vacate an award "where the award was procured by corruption, fraud, or undue means[.]" *See* 9 U.S.C. § 10(a)(1). To warrant vacatur of an arbitration award under this subsection, the movant must establish fraud by clear and convincing evidence and there must be a nexus between the award and the alleged fraud. *Morgan Keegan & Co. v. Garrett*, 495 Fed. App'x 443, 447 (5th Cir. 2012); *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1022 (5th Cir. 1990) (citing *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir. 1988)); *see also In re Arbitration Between Trans. Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 304 (S.D. Tex. 1997); *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 810-11 (Tex. App.—Dallas 2008, pet. denied). Fraud requires a showing of bad faith during the arbitration proceedings, such as bribery, undisclosed bias of an arbitrator, or willfully

17

destroying or withholding evidence. *Roehrs*, 246 S.W.3d at 812; *In re Trans. Chem.*, 978 F. Supp. at 304. Puente failed to establish by clear and convincing evidence that the alleged fraud (including the "manifest disregard" language in the agreement) in any way had a nexus to the arbitrator's award. *See Morgan Keegan & Co.*, 495 Fed. App'x at 447; *Forsythe Int'l, S.A.*, 915 F.2d at 1022. Puente also failed to demonstrate a showing of bad faith during the arbitration proceeding. *See Roehrs*, 246 S.W.3d at 812; *In re Trans. Chem.*, 978 F. Supp. at 304. Therefore, the trial court erred in vacating the award and based upon its finding that Conn's did not intend to abide by the "manifest disregard" provision.

We conclude the district court erred in denying Conn's motion to confirm the arbitration award, it erred in granting Puente's motion to vacate the arbitration award, and it erred in declaring the Arbitration Agreement void. Accordingly, we sustain Conn's second issue. Because of our resolution of issue two, we need not address Appellant's remaining issues. *See* Tex. R. App. P. 47.1. We reverse the trial court's order and remand the case to the trial court for proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

18

Submitted on December 30, 2019
Opinion Delivered August 13, 2020

Before Kreger, Horton and Johnson, JJ.